UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald Satish Emrit,<br><br>    Plaintiff,<br><br>    v.<br><br>Congressman Cresent Hardy,<br><br>    Defendant. | Case: 1:17-cv-00078    (F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 1/11/2017<br>Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

The plaintiff, a Nevada resident, sues Nevada Congressman Cresent Hardy for allegedly failing to assist plaintiff as one of his constituents. He seeks money damages exceeding $45 million. The plaintiff alleges, among other omissions, that Hardy "never helped [him] with getting an increase in the amount of his Social Security disability benefits" and food stamps, and "with regards to his struggle in terms of getting a Section 8 voucher. . . or any other type of subsidized housing from a local housing authority in Nevada." Compl. at 4. He sets out nine sundry counts, which are styled as follows: Count One: Material Breach of Contract; Count Two: Negligence; Count Three: Conversion; Count Four: Civil Fraud/Material Representation; Count Five: Intentional of Emotional Distress; Count Six: Products Liability/Manufacturing Defect; Count Seven: Breach of an Implied Warranty of Merchantability; Count Eight: Breach of an Implied Warranty of Fitness for a Particular Purpose; Count Nine: Tortious Interference with Business Relations/Contracts. The plaintiff also alleges that the defendant "committed a violation" of the Constitution's equal protection, due process and privileges and immunities clauses, Compl. at 2, but he does not state any supporting facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint does not present a viable federal question, and it does not provide a basis for diversity jurisdiction because the plaintiff and the defendant are necessarily residents of Nevada. A separate order of dismissal accompanies this Memorandum Opinion.

DATE: January _10_, 2017

/s/ _____
Chief Judge

2